1 | RICHARD LLOYD SHERMAN, ESQ. (STATE BAR NO. 106597)
ABHAY KHOSLA, ESQ. (STATE BAR NO. 223555)
2 | **SHERMAN & NATHANSON**
9454 Wilshire Boulevard, Suite 900
3 | Beverly Hills, California 90212-2929
Telephone:  (310) 246-0321
4 | Facsimile:   (310) 246-0305

5 | Attorneys for Defendant
**LIBERMAN BROADCASTING, INC.**

6

7

8 | ### UNITED STATES DISTRICT COURT

9 | ### FOR THE CENTRAL DISTRICT OF CALIFORNIA

10

11 | **LIBERMAN BROADCASTING**, Inc., a California corporation,

12 |

**CASE NO. CV 07-5067 DDP (Ex)**

*Assigned to Hon. Dean Pregerson*

13 | Plaintiff,

**STIPULATION AND [PROPOSED]
PROTECTIVE ORDER REGARDING
CONFIDENTIAL DOCUMENTS.**

14 | v.

15 | **SPANISH BROADCASTING SYSTEM,
INC., A DELAWARE CORPORATION,**

16 | Defendant.

17

18

19

20 | **WHEREAS,** Plaintiff Liberman Broadcasting, Inc. ("Plaintiff" or "LBI") filed

21 | a lawsuit against Spanish Broadcasting System, Inc. ("SBS" or "Defendant")

22 | alleging claims for relief for tortious interference with contract, misappropriation and

23 | unfair competition titled *Liberman Broadcasting, Inc. v. Spanish Broadcasting*

24 | *System, Inc.*, Case No. 2:07-cv-05067-DDP-E (C.D. Cal.) (the "Action");

25 | **WHEREAS,** both LBI and SBS, by and through counsel of record, have

26 | issued discovery requests for financial records;

27 | **WHEREAS,** the aforementioned records contain sensitive confidential

28 | information;

1    **WHEREAS**, Plaintiff and Defendant are broadcast companies in competition

2    with one another, and both parties are concerned that private information pertaining

3    to themselves, may be misused;

4    The following Stipulation and Protective Order is agreed to between the

5    Parties, by and through their counsel, to facilitate discovery within this Litigation

6    and without prejudice to either party's position with regard to the relevance or

7    required production, if any, of documents requested in discovery:

8    **1.   CONFIDENTIAL INFORMATION**

9    As used herein, "Producing Party" shall refer to any person or entity producing

10   information, documents, discovery responses or testimony in connection with this

11   litigation.  As used herein, "Confidential" information shall mean (1) trade secret

12   information as defined in California Civil Code section 3426.1, or other confidential

13   commercial information and/or (2) any information subject to the right to privacy of

14   any individual or entity, and designated as such by any Producing Party as provided

15   herein.  Any testimony, information, document or thing produced in connection with

16   this litigation may be designated as "confidential" only by such Producing Party at

17   the time such Producing Party produces or provides that testimony, information,

18   document or thing.

19   **2.   ACCESS TO CONFIDENTIAL DOCUMENTS AND**

20   **INFORMATION BY COUNSEL AND PARTIES**

21   As used herein, LBI and SBS are collectively referenced as the "Parties" and

22   LBI and SBS each is referenced as a "Party."  As used herein, the term "Qualified

23   Person" means: (a) the Court and necessary Court personnel, including stenographic

24   reporters engaged in such proceedings as are necessary incident to preparation for

25   trial, trial of the Action, or any appeal of the Action; (b) counsel for any Party, and

26   the paralegal, stenographic, clerical and secretarial personnel employed by such

27   counsel; (c) any Party; (d) non-Party experts or consultants (together with their

28   associates, consultants and clerical and secretarial staff) retained to assist in

1    prosecution, defense, settlement or other disposition of the Action; (e) any other
2    person to whom the Producing Party has consented to disclosure in advance and in
3    writing, on notice to each Party hereto.

4        Confidential documents and information contained therein shall be made
5    available only to a Qualified Person and at trial as provided herein.  No Qualified
6    Person who gains access to Confidential Documents may disclose the contents or
7    information contained in them to any person not a Qualified Person, without the
8    advance written approval of the Parties, as provided by this Protective Order, or by
9    order of this Court after properly noticed motion.

10       **3.     ACCESS TO CONFIDENTIAL DOCUMENTS AND**
11   **INFORMATION BY EXPERTS AND CONSULTANTS**

12       Independent expert witnesses who will testify at trial and/or consultants ("non-
13   testifying experts") retained by any party shall be informed by the party of the terms
14   of this Order and such party shall provide a copy thereof to the expert and request
15   and obtain the expert's written consent to be bound by this Protective Order.

16       **4.     DISCLOSURES TO PERSONS OTHER THAN "QUALIFIED**
17   **PERSONS".**

18       In the event that a party desires to disclose to any person other than a
19   Qualified Person, any Confidential documents and information contained therein,
20   counsel for that party shall give at least fourteen (14) written days notice to the
21   designating party giving the identity, name, address and occupation of each person to
22   whom such disclosure is desired and the documents that would be disclosed.  The
23   designated party may serve by facsimile a written objection to such disclosures to
24   requesting counsel, but failure to serve any objection does not constitute waiver of
25   right to object, nor does it tacitly imply agreement.  Absent agreement, any such
26   objections shall be resolved by the Court, on properly noticed Motion by the party
27   seeking production of the document to Non-Qualified Persons.  Upon any production
28   to a Non-Qualified Person, whether by agreement, order or otherwise, the party

1  providing the Confidential documents or information contained therein shall provide

2  a copy of the Protective Order to said persons to whom disclosure is made.

3       **5.    USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

4       Confidential documents and information contained therein may be used solely

5  for the purposes of this litigation and for no other purposes.  The use of any

6  Confidential document or information contained therein at deposition in this lawsuit,

7  is subject to all preceding and succeeding paragraphs, including, but not limited to,

8  Confidential documents and information contained therein shall not be provided at

9  the deposition of a non-qualified person, unless by agreement of all counsel, Court

10  Order or other operation of this Agreement.

11       **6.    USE OF CONFIDENTIAL DOCUMENTS AND INFORMATION**

12  **IN THIS LAWSUIT.**

13       Where Confidential documents and information contained therein are

14  permitted to be used at deposition, all portions of transcripts of such depositions and

15  exhibits thereto which refer or relate to such Confidential documents and

16  information contained therein shall themselves be considered as Confidential

17  Documents and information.  The parties shall take all necessary steps to insure

18  confidential portions of the transcripts and exhibits are preserved.  In addition, the

19  deponent, whether or not a Qualified Person, shall be ordered by the producing party,

20  that he or she may not divulge any Confidential documents and information except to

21  Qualified Persons, and that the deponent is subject to this Stipulation and Protective

22  Order.

23       **7.    FILING AND SEALING**

24       All Confidential Documents and Information Contained Therein, which are

25  filed with the Court shall be filed in a sealed envelope or other appropriate concealed

26  containers on which shall be endorsed the title of this action, a general indication of

27  the nature of the contents, the legend "Confidential" and a statement substantiating

28  the following form:

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

STIPULATION AND [~~PROPOSED~~] ORDER

0184.0333

1
2
3

"This envelope is sealed pursuant to Order of this Court and contains information designated "Confidential" in this case. It is not to be opened or the contents thereof be displayed or revealed except by order of the Court or pursuant to Stipulation of all parties to this action."

4   The envelope or container shall not be opened or released to anyone without

5   further order of this Court which shall itself be directed/governed by this Stipulation

6   and Protective Order. The Clerk of the Court is hereby directed to maintain such

7   Confidential Documents and information in a separate portion of the file not

8   available to the public.

9   **8.   DISPOSAL AT THE CONCLUSION OF THE ACTION**

10   At the conclusion of the action, all Confidential Documents and copies thereof

11   either (i) shall be returned to counsel for the designated party who produced such

12   documents and information, or (ii) shall be destroyed. If any such Confidential

13   Documents and Information Contained Therein are furnished to any expert,

14   consultant, or to any other person, in accordance with this Stipulation and Protective

15   Order, counsel for the party who provided such information to the expert, consultant,

16   or to the other person shall insure that all Confidential Documents and information

17   be returned to counsel for the designated party to whom the documents belong, or

18   shall be destroyed. If destroyed, certification thereof shall be provided to opposing

19   counsel. Nothing in the Stipulation and Protective Order shall require the return or

20   destruction of pleadings, court papers or other documents which are not Confidential

21   Documents and information which are in the public domain.

22   **9.   AMENDMENTS**

23   Nothing in this Protective Order shall be construed to prohibit or prejudice any

24   party to this litigation from seeking amendments broadening or restricting the rights

25   of access to and use of Confidential Documents and information, or from contesting

26   the designation of Confidential Document and information or the right of a person to

27   be treated as a Qualified Person as provided herein.

28   / / /

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

STIPULATION AND [~~PROPOSED~~] ORDER

0184.0333

**10.   NO WAIVER OF PRIVILEGE**

All parties acknowledge that the speed by which these documents were produced might result in the inadvertent production of documents that are subject to the attorney-client and/or work product privileges.  Accordingly, all of the parties herein agree that no waiver of any privileges will result from the production of any Confidential Documents which are in fact privileged.  If any privileged documents were discovered, they would be returned to the producing party.

**11.   NO RESTRICTIONS ON DOCUMENTS OR INFORMATION FROM OTHER SOURCES**

Nothing in this Protective Order shall be deemed to prevent any party from using any documents or information contained therein for any purpose, if such documents or information contained therein are in any manner identical, similar or related to the documents produced pursuant to this Stipulation and Protective Order as long as such documents or information was not obtained from the exchange of documents set forth herein.

///
///
///
///
///
///
///
///
///
///
///
///
///

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212

STIPULATION AND [PROPOSED] ORDER

0184 0333

1    The Clerk is directed to send executed copies of this Stipulation and Protective

2  Order to all  counsel of record.

3

4  DATED: June **22**, 2010            **SHERMAN LAW GROUP**

5

6                          By: _Richard_____
                                **RICHARD LLOYD SHERMAN, ESQ.**

7                          Attorneys for Plaintiff
                                **LIBERMAN BROADCASTING, INC.**

8

9  DATED: June **27**, 2010            **DRINKER BIDDLE & REATH**

10

11                         By: _____
                                **KATE S. GOLD, ESQ.**

12                         Attorneys for Defendant
                                **SPANISH BROADCASTING SYSTEM, INC.**

13

14                              **ORDER**

15    It having been stipulated by and between the Parties that this Stipulation for

16  Protective Order is agreed to by the Parties; and

17

18            **IT IS SO ORDERED.**

19

20

21  DATED:   **6/23**   , 2010         _____

22                         The Honorable ~~Dean Pregerson~~ *Charles F. Eick*
                                United States ~~District Judge~~
                                *Magistrate Judge*

23

24

25

26

27

28

SHERMAN & NATHANSON
9454 Wilshire Boulevard, Suite 900
Beverly Hills, California 90212
                    STIPULATION AND [~~PROPOSED~~] ORDER                 0184.0333